Zheng v. Holder

BIA
Morace, IJ
A099 559 574

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

HUODI ZHENG,
> *Petitioner,*

> v.                                               12-934
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Fuhao Yang, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; William C. Peachey,
                         Assistant Director; Lindsay Corliss,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huodi Zheng, a native and citizen of China, seeks review of a February 8, 2012, order of the BIA, affirming an October 6, 2009, decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huodi Zheng*, No. A099 559 574 (B.I.A. Feb. 8, 2012), *aff'g* No. A099 559 574 (Immig. Ct. N.Y. City Oct. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For

applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Zheng not credible, the agency reasonably relied on the omission of his detention and beating from his original asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Zheng attempted to explain this omission by stating that his attorney originally asked him only about his wife's persecution, that he was prompted to submit a supplemental affidavit about his own experiences in 2007. However, the IJ was not required to credit this explanation, as it would

3

not necessarily be compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so). As the IJ explained, it was not plausible that Zheng's original asylum application would describe the events of the day his wife was forcibly taken to have an intrauterine device inserted, but fail to mention that on the same day and as part of the same incident, he was arrested and beaten by family planning officials. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007). Moreover, Zheng's asylum application reflects that he had never been arrested or detained.

Furthermore, the agency did not err in affording little evidentiary weight to a document that purported to be a police report from China, on the grounds that it was unauthenticated and was issued fourteen years after the arrest described. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

4

In light of the agency's properly supported adverse credibility finding, it did not err in denying Zheng's applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that the agency need not analyze separately a withholding of removal claim based on the same facts as an applicant's asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (same, with respect to CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk